Jeanette PETRELLA, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. 84–0705.

United States District Court,
M.D. Pennsylvania.

Feb. 27, 1987.

Joseph Rattman, Stroudsburg, Pa., for plaintiff.

Albert R. Murray, Jr., Asst. U.S. Atty., U.S. Atty's Office, Scranton, Pa., for defendant.

## ORDER

MUIR, District Judge.

The background of this order is as follows: lows:

On May 24, 1984, Jeanette Petrella commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision of the Secretary of Health and Human Services (Secretary) denying Petrella's claims for disability insurance benefits and supplemental security income. On December 10, 1984, Petrella filed a motion requesting that we remand her case to the Secretary for a redetermination. The Secretary concurred in the motion to remand and on December 19, 1984, we remanded the case to the Secretary. On July 3, 1986, the Secretary filed a notice stating that a decision to award benefits to Petrella had been made.

On November 20, 1986, Petrella filed a motion for attorney's fees pursuant both to

the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and the Social Security Act, 42 U.S.C. § 406(b)(1). Before we consider the merits of the motion, we must decide whether attorney's fees may be awarded under both the Equal Access to Justice Act and the Social Security Act.

■ Both statutes provide for the awarding of attorney's fees. However, they differ in their approach. Under the Social Security Act, when a claimant receives a favorable determination, counsel may obtain a fee not in excess of 25% of the total past due benefits. 42 U.S.C. § 406. Under the Equal Access to Justice Act, a prevailing claimant may recover attorney's fees from the Government if the Secretary's position was not substantially justified and no special circumstances make an award unjust. *Tressler v. Heckler*, 748 F.2d 146, 148–149 (3d Cir.1984). The Equal Access to Justice Act shifts the litigation expenses that a prevailing claimant has incurred in contesting unreasonable government action to the United States. The fundamental difference between the two statutes is that fee awards made pursuant to the Social Security Act are paid out of the claimant's past due benefits whereas fee awards made pursuant to the Equal Access to Justice Act are paid by the Government.

In this case counsel seeks a fee in the amount of $1,687.50 for 11.25 hours of time spent in this case, an hourly rate of $150.00, pursuant to the Social Security Act and an award of $843.75 for the same 11.25 hours pursuant to the Equal Access to Justice Act at a rate of $75.00 per hour (the maximum hourly rate allowable under the Equal Access to Justice Act). However, he requests that any award made pursuant to the Equal Access to Justice Act be credited against an award made pursuant to the Social Security Act so as to reduce the amount Petrella must pay him from her past due benefits. Neither party has addressed the propriety or provided any authority for the awarding of attorney's fees pursuant to both of the relevant attorney's fees statutes.

Our own independent research reveals that at least one court has awarded fees pursuant to both statutes on the theory that any funds awarded pursuant to the Equal Access to Justice Act serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel. *Eustache v. Sec. of Dept. of Health and Human Serv.*, 601 F.Supp. 176 (E.D.N.Y.1985). In addition, the obvious financial advantage to the claimant of an award under the Equal Access to Justice Act has prompted one court to hold that attorneys must, when appropriate, proceed first under the Equal Access to Justice Act. *Taylor v. Heckler*, 608 F.Supp. 1255, 1259 (D.N.J.1985) (Sarokin, J.). Judge Sarokin reasons that reducing the awards of claimants for counsel fees when such fees can be obtained pursuant to the Equal Access to Justice Act unnecessarily compounds the anguish and deprivation claimants undergo when their claims are wrongfully denied and they are required to endure a lengthy review process in the federal courts.

■ We are of the view that in a given case fees may be awarded under both of the relevant statutes because, in effect, any award made pursuant to the Equal Access to Justice Act reduces the amount of fees the successful claimant must pay from his or her past due benefits. Thus, we will consider Petrella's application under both the Equal Access to Justice Act and the Social Security Act. We also agree with Judge Sarokin that when the position the Secretary has taken warrants an application under the Equal Access to Justice Act, counsel should look to that statute before seeking fees from the claimant under the Social Security Act. We will now proceed to determine whether counsel in this case may recover fees under the Equal Access to Justice Act.

■ The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) provides, in relevant part, that:

... A Court shall award to a prevailing party [in certain suits against the United States] ... fees and other expenses ...

unless the Court finds that the position of the United States was substantially justified....

Two conditions must be satisfied for attorney's fees to be properly awarded under the Equal Access to Justice Act. First, the claimant must be a "prevailing party." Second, the Court must find that the Secretary's position was not "substantially justified." *Tressler v. Heckler,* 748 F.2d 146, 149 (3d Cir.1984).

■ Petrella sought reversal of the Secretary's initial decision that she was not entitled to receive benefits. After the matter was remanded from this Court, Petrella obtained a favorable decision regarding her benefits from the Secretary. Consequently, Petrella is a prevailing party in that she received the substantive relief she requested. *Id.* Having determined that Petrella is a prevailing party, we must decide whether the Secretary's position was substantially justified.

■ The substantial justification standard represents "... a middle ground between an automatic award of fees to a prevailing party and an award made only when the Government's position was frivolous." *Dougherty v. Lehman,* 711 F.2d 555–563 (3d Cir.1983). The standard for determining substantial justification is one of reasonableness. Thus, even if the Secretary is ultimately unsuccessful, the issue is whether his position had a reasonable basis in law and in fact. *Id.* at 563. In *Dougherty,* the Court of Appeals announced a tripartite test which the Secretary must meet to show that his position was substantially justified:

> First, [the Secretary must] show that there is a reasonable basis in truth for the facts alleged in the pleadings ...
> Second, ... show that there existed a reasonable basis in law for the theory which it propounds....
> Finally, ... show that the facts alleged ... reasonably support the legal theory advanced.... *Id.* at 564.

The Secretary's burden of showing substantial justification is a strong one and cannot be met merely by producing some evidence in support of his position. *Washington v. Heckler,* 756 F.2d 959, 961 (3d Cir.1985).

The record established that Petrella has a psychiatric history dating back to 1976 with multiple hospitalizations and diagnoses of paranoid type schizophrenia. She has been described as delusional, paranoid, and homicidal. *See* exhibits 22, 23, and 44. At the time of the hearing before the Administrative Law Judge, she was receiving treatment from the Carbon-Monroe-Pike County Mental Health/Mental Retardation Program (Tr. page 62–63) and regularly taking lithobid and trilafon, medication often used in the treatment of schizophrenia. With respect to work history, the record indicates that Petrella worked as a waitress for two months in the summer of 1983 and as a housekeeper during one period of hospitalization. (Tr. p. 36).

The Administrative Law Judge found that Petrella had a severe mental impairment but that she was not disabled because she was able to perform her past relevant work and because, except for work involving complex or varied tasks, contact with the public or interpersonal stresses, she retained the functional capacity for work.

■ The Secretary argues that his position was substantially justified because the favorable decision for Petrella upon remand resulted from an evaluation of her claim under newly promulgated regulations which were not in effect at the time of the original denial of benefits. While the Secretary may not be faulted for failing to anticipate a change in applicable law, his decision still must be evaluated to determine if it was substantially justified in light of the standards in existence when the decision was rendered.

In support of the motion pursuant to the Equal Access to Justice Act, Petrella argues that the Secretary was not substantially justified in his position because (1) the Secretary failed to obtain testimony from a vocational expert to show that Petrella could return to work despite her severe mental impairment; (2) the Secretary substituted his own opinion for that of Petrella's treating physicians; (3) and the Sec-

retary failed to develop a full and fair record concerning the mental impairment brought to his attention. The Secretary has not addressed any of the arguments made by Petrella.

 The Secretary relies solely upon his argument that his position was substantially justified under the prior regulations. In support of his position the Secretary plainly asserts that the new regulations were directed at chronically mentally ill individuals who may not exhibit overt symptoms at the time they are evaluated for social security purposes, but who have a long history of mental illness with periods of exacerbations and remission. It is true that the new regulations do take these factors into consideration. However, the Secretary has not shown how these factors affected this case. The Secretary did not specifically or even generally state how a finding of disability under the new regulations could be made in this case but not under the old regulations. Conclusory statements do not satisfy the Secretary's heavy burden of making a strong showing that his position was substantially justified. *Tressler v. Heckler*, 748 F.2d 146, 150 (3d Cir.1984); *Natural Resources Defense Council v. United States Env. Prot. Agency*, 703 F.2d 700, 712 (3d Cir.1983). Because the Secretary has failed to address any of the arguments raised by counsel for Petrella and to support adequately his own argument, he has not satisfied his burden of showing that his position had a reasonable basis both in law and in fact. We will grant Petrella's motion for attorney's fees pursuant to the Equal Access to Justice Act.

Counsel for Petrella seeks an award of $75.00 per hour pursuant to the Equal Access to Justice Act for the 11.25 hours spent in this court on this matter, a total fee of $843.75. We have reviewed the file in this case and conclude that counsel's requested fee of $843.75 is reasonable and should be awarded. *See Cunninghman v. City of McKeesport, et al.*, 753 F.2d 262 (3d Cir.1985).

We will now consider Petrella's attorney's claim for fees pursuant to § 406(b)(1) of the Social Security Act.

 Petrella and her lawyer, Joseph Rattman, entered into a fee agreement which provides that Rattman shall be compensated 25% of any sums realized from an award of benefits. 42 U.S.C. § 406(b)(1) gives this Court discretion to determine what is a reasonable attorney's fee even where there exists a contingent fee agreement between the claimant and his counsel. *McKittrick v. Gardner*, 378 F.2d 872 (4th Cir.1967).

In this case, 25% of the past due benefits is $3,607.90. Counsel requests a total fee of $1,687.50 which represents a fee of $150.00 per hour for the 11.25% hours spent in this case. Because we have awarded counsel $843.75 pursuant to the Equal Access to Justice Act, we are considering here whether an additional award of $843.75 should be paid pursuant to the Social Security Act. Counsel contends that an hourly fee of $150.00 is reasonable in light of the time expended, skill required, amount in controversy, and fees awarded in similar cases. He states that he requests a fee of $150.00 per hour instead of his normal hourly rate of $100.00 per hour to represent clients in federal court because of the contingency fee agreement in this case.

 For the following reasons it is our view that the request for a fee of $150.00 is unreasonable. The proper method of computation of benefits was not disputed. This was not a complicated case which required extraordinary skill. Petrella's counsel filed a complaint and a motion to remand which was concurred in by the Government. No further motions or briefs were necessary because of the Secretary's concurrence in the remand motion. Petrella has not shown that an hourly rate of $150.00 is typical of fees awarded in similar cases. Indeed, fees tend to range from $50.00 to $100.00 per hour in social security disability cases. *See Losco v. Bowen*, 638 F.Supp. 1262, 1263 (S.D.N.Y.1986) wherein the court reviewed hourly fees awarded under § 406 of the Social Security Act from several district courts.

In light of the quality of the brief counsel filed in support of his motion and in light of counsel's normal fee for represent-

ing a party in federal court, an hourly fee of $100.00 is a reasonable fee in this case. We have already awarded counsel $75.00 per hour for his representation pursuant to the Equal Access to Justice Act. We shall award him an additional $25.00 per hour pursuant to the Social Security Act to be paid from Petrella's past due benefits.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Secretary of Health and Human Services shall pay Joseph Rattman an attorney's fee in the amount of $281.25 for services performed before this Court pursuant to 42 U.S.C. § 406(b)(1) within 60 days of the date of the order.

2. The Secretary shall pay Joseph Rattman an attorney's fee in the amount of $843.75 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), within 60 days of the date of this order.

3. The Clerk of Court shall close this case.