James M. **RANDOLPH**, Plaintiff,

v.

Louis **SULLIVAN**, M.D., Secretary of Health and Human Services, Defendant.

No. 87–1153.

United States District Court, C.D. Illinois, Peoria Division.

June 8, 1990.

Thomas M. Henry, Peoria, Ill., for plaintiff.

K. Tate Chambers, Asst. U.S. Atty., Peoria, Ill., for defendant.

ORDER

MIHM, District Judge.

On September 1, 1988 this case was remanded for further consideration of Plain-

tiff's allegations of pain and for a determination of how that pain might limit Plaintiff's ability to perform the full range of light work. On March 22, 1990, the Appeals Council found that Plaintiff was entitled to disability insurance benefits and to supplemental security benefits. The Appeals Council decision thereby became the final decision of the Secretary in this case. For purposes of an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, the Secretary's final decision is a final judgment in this case.

Plaintiff's attorney has filed a petition for attorney's fees, alleging that he is the prevailing party and that the Secretary's decision was without substantial merit.

The Secretary concedes that Plaintiff is a prevailing party but claims that the Secretary's position was substantially justified. In addition, in the event that the Court finds no substantial justification, the Secretary argues that the fees sought by Plaintiff's attorney are unreasonable.

■ The Secretary properly asserts that the term "substantially justified" means that the government must have had a solid, though not necessarily correct, basis in fact and in law for the position it took in the action. *McDonald v. Schweiker*, 726 F.2d 311, 316 (7th Cir.1983). The mere fact that benefits were awarded on remand does not necessarily mean, as Plaintiff asserts, that the Secretary's position was not substantially justified. Such a definition would in effect preclude the Secretary from litigating differences of opinion as to meanings of legal standards.

■ However, in this case, the Court finds that the Secretary's position was not substantially justified. The ALJ, whose opinion the Secretary initially adopted, failed to perform a certain analysis required by the law and by the regulations. Accordingly, this Court finds that the Secretary's position was not substantially justified.

■ Plaintiff's counsel has requested fees of $125 an hour for his representation of the Plaintiff in this case. The Equal Access to Justice Act limits attorney's fees to $75 per hour unless a special factor, such as increases in the cost of living or a limited availability of qualified attorneys, exists and justifies a higher hourly fee.

The Secretary concedes that an increase of 10.6% to reflect an increase in the cost of living would be proper. That would increase the hourly rate to $91.64. The Secretary, however, denies that any of the additional evidence or arguments submitted by Plaintiff's attorney in support of $125 per hour rates should have any bearing on increasing the rates in this case.

The Court is in substantial agreement with the Secretary on this point. While Mr. Henry has obviously gone to some effort to solicit opinions of other attorneys regarding a "reasonable" rate, the Court is not persuaded that the record presented to the Court changes anything. Aside from the fact that virtually none of the statements of attorneys is presented in affidavit form, there are many variables involved in the substance of the attorneys' comments (e.g., years of experience as an attorney; whether the lawyer, in reciting an hourly rate, is even referring to the hourly rate charged for Social Security cases; whether the attorney handles Social Security cases; the circumstances under which the attorney handles Social Security cases).

The Court further notes that in *Barth v. Bowen*, No. 85–1345, J. Mihm (Oct. 7, 1988, C.D.Ill.), in a petition for fees brought by the same attorney as in this case, this Court considered all the other arguments raised by this attorney and, with the exception of the cost of living increase, rejected the arguments.

The only thing that has changed since the *Barth* opinion is the amount of experience Plaintiff's attorney has gained in the interim 18 months. The Court doubts that 18 months of practice justifies a 66% increase in fees. Some increase is justified, but certainly not to that extent.

Accordingly, the Court awards Mr. Henry attorney's fees of $100 per hour for 47.8 hours or a total $4,780.

Plaintiff's counsel is warned, however, that in future petitions for attorney's fees,

if he is going to make arguments that this Court has previous rejected, he should bring to the Court's attention the cases wherein that was done and explain the basis upon which this Court should reverse itself, or upon which the two circumstances can be distinguished. Failure to do so in the future will be construed by the Court as a deliberate failure to cite relevant authority and will be sanctioned.