Elizabeth HURELL, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

C.A. No. 9:05–00036–PMD–GCK.

United States District Court,
D. South Carolina,
Charleston Division.

June 6, 2006.

Harriet Mcbryde Johnson, Charleston, SC, for Plaintiff.

Christie V. Newman, U.S. Attorneys Office, Columbia, SC, for Defendant.

## ORDER

DUFFY, District Judge.

This matter is before the court upon Plaintiff's counsel's motion for an award of attorney fees of $4,986.57, costs of $265.00, and expenses of $12.54, to be paid directly and solely to counsel, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant contests the awarding of such fees, claiming that the government's position in this case was substantially justified.

## BACKGROUND

Plaintiff was born on July 3, 1958. She has a high school education and two years of college. Plaintiff had worked since 1989 as an institutional cook at the Georgetown Marine Institute, an alternative school for male juvenile delinquents. Plaintiff has not engaged in substantial gainful activity since her alleged onset date of February 28, 2003. She stopped working due to progressively worsening lower back pain, swelling of her feet, and leg pain.

The medical evidence shows that Plaintiff has lumbar spine scoliosis, degenerative disc disease, and bilateral lower extremity pain. Plaintiff filed an application for Social Security Insurance benefits on June 20, 2003 and for Disability Insurance Benefits on April 22, 2003. Plaintiff's applications were denied initially and upon reconsideration by the Social Security Administration and a request for hearing was timely filed.

On April 27, 2004, a hearing was held before the administrative law judge, Ronald C. Dickinson (the "ALJ"). The ALJ heard testimony from Plaintiff, Plaintiff's

**576**

husband, Wallace Hurell, and from a vocational expert, Dr. Dixon Pearsall (the "VE"). The ALJ issued a decision on July 15, 2004, which found that Plaintiff was not disabled. On December 14, 2004, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision for the purposes of judicial review. Plaintiff thereafter appealed the Commissioner's decision to this court. After a review, the Magistrate recommended to this court that the Commissioner's decision be affirmed. On March 22, 2006, after a careful examination of the record as a whole, the court found that the ALJ's decision to deny benefits was not supported by substantial evidence. The court therefore ordered that the Commissioner's denial of benefits be reversed, and remanded the matter to the Commissioner to reconsider (1) the treating physician's opinion and (2) the credibility of Plaintiff's claims of subjective pain.

Because she was successful in the underlying action, Plaintiff now seeks an award of attorney fees, costs and expenses under EAJA.

### STANDARD OF REVIEW

■ A party who prevails in litigation against the United States is entitled to EAJA attorney fees upon timely petition for them if the government's position was not "substantially justified" and no special circumstances make an award unjust. *Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir.1991). This case turns entirely on the "substantial justification" question.

■ ▪ The government bears the burden of proving that its position was substantially justified, thus precluding an award of attorney fees under the Equal Access to Justice Act. In order to meet its burden of showing that its position before the District Court was "substantially justified," the government has the burden of establishing that its case has a reasonable basis

in law and in fact—that is, justified to a degree that could satisfy a reasonable person or justified in substance or in the main. *Thompson v. Sullivan,* 980 F.2d 280 (4th Cir.1992) (holding that the government's position must be substantially justified in both fact and law; favorable facts will not rescue the government from a substantially unjustified position on the law, and accurate recital of law cannot excuse a substantially unjustified position on the facts).

■ To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness. *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). However, a position can be justified even though it is not correct and can be substantially (that is, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact. *Id.*

■ The government's burden of showing substantial justification is a strong one and is not met merely because the government produces "some evidence" in support of its position. *Petrella v. Sec. of Health and Human Services,* 654 F.Supp. 174 (M.D.Pa.1987). The government's position must be evaluated in light of the standards in existence when the decision was rendered. *Id.* Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, it was not substantially justified. *Randolph v. Sullivan,* 738 F.Supp. 305, 306 (C.D.Ill.1990). However, the reversal of a government decision for lack of substantial evidence does not raise a presumption that the government was not substantially justified. *Pullen v. Bowen,* 820 F.2d 105, 108 (4th Cir.1987). The test of reasonableness represents a middle ground between an automatic award of fees to a prevailing party and an award

made only when the government's position was frivolous. *Sierra Club v. Sec. of Army,* 820 F.2d 513 (1st Cir.1987).

## ANALYSIS

■ The court considers the government's argument that the Commissioner's position in this case was substantially justified and that therefore Plaintiff's counsel is not entitled to an award of costs and fees under EAJA. The Fourth Circuit requires this court to consider the totality of the circumstances in assessing whether the government's position was reasonable and has rejected the argument that "any unreasonable position taken by the government in the course of litigation automatically opens the door to an EAJA fee award." *Roanoke River Basin Ass'n v. Hudson,* 991 F.2d 132, 139 (4th Cir.1993).

In this case, although the ALJ did perform the appropriate analysis, and the record did contain facts that could support his conclusions, this court found that his stated reasoning was incomplete and failed to make adequate reference to the record. Therefore, the court remanded the case for further consideration so that the ALJ might adequately explain his rationale in discrediting both Plaintiff's claims and the opinion of her treating physician.

■ Considering the totality of the circumstances, the court now holds that while the Commissioner's position was not explained as thoroughly as this court requires, it had a basis both in law and fact that could satisfy a reasonable person. *See Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (defining "substantially justified"). Therefore, the court finds that the Commissioner's position was substantially justified. *See Albright v. Apfel,* 2000 WL 1021227, *1 (4th Cir.2000).

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Plaintiff's request for attorney fees, costs and expenses is **DENIED.**

## AND IT IS SO ORDERED.