**George MYERS, Plaintiff,**

v.

**Jo Anne BARNHART, Commissioner of Social Security, Defendant.**

**No. Civ. 8:05–1770–PMD.**

United States District Court,
D. South Carolina,
Anderson Division.

Dec. 18, 2006.

---

Beatrice E. Whitten, Beatrice E. Whitten Law Office, Mt. Pleasant, SC, for Plaintiff.

Christie V. Newman, U.S. Attorneys Office, Columbia, SC, for Defendant.

## *ORDER*

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon Plaintiff's counsel's motion for an award of attorney fees of $6,805.35, to be paid directly and solely to counsel, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant contests the awarding of such fees, claiming that the government's position in this case was substantially justified.

## *BACKGROUND*

Plaintiff, who was forty-six years old at the time of the Administrative Law Judge's ("ALJ") decision, has not engaged in substantial gainful activity ("SGA") since April 11, 2001 as a result of a back disorder, diabetes, and depression. Plaintiff first filed an application for a Period of Disability and Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Title II of the Social Security Act, 42 U.S.C. §§ 216(*l*), 223, and 1614(a)(3)(A), on May 8, 2002. Plaintiff's initial application was denied on June 6, 2002, and plaintiff's subsequent application

of March 3, 2002 was denied on June 26, 2003.

Plaintiff filed a request for reconsideration on July 29, 2003, which was denied. Plaintiff then filed a request for a hearing before an ALJ. The Honorable Philip W. Wright, ALJ, held a hearing on July 8, 2004, and he issued an unfavorable decision on February 24, 2005. Plaintiff sought review by the Appeals Council on March 7, 2005, and the Appeals Council affirmed the unfavorable decision on May 27, 2005.

On June 21, 2005, Plaintiff filed an action in this court, alleging "[t]he decision of the Defendant that the Plaintiff is not disabled within the meaning of the Social Security Act is not supported by substantial evidence and applies an erroneous standard of law." (Complaint ¶ 5.) Magistrate Judge Bruce H. Hendricks issued a Report and Recommendation ("R & R") on August 9, 2006, recommending that the Commissioner's decision be reversed, with a remand of the cause to the Commissioner for further proceedings. (R & R at 10.) The Magistrate Judge recommended a remand for further proceedings because (1) the ALJ did not address listing 1.04A or explain why Plaintiff did not meet or equal that listing and (2) the ALJ did not discuss the vocational expert's ("VE") testimony that Plaintiff would be unable to perform any work if he took an excessive number of breaks during the workday or was absent from work for more than four or five days per month. (R & R at 5–10.) Neither party filed objections to the R & R, and on August 29, 2006, this court adopted the R & R. The decision of the Commissioner was thus reversed and remanded to the Commissioner for further proceedings.

Because she was successful in the underlying action, Plaintiff now seeks an award of attorney fees under EAJA.

## STANDARD OF REVIEW

■ A party who prevails in litigation against the United States is entitled to EAJA attorney fees, as well as the costs and expenses of litigation, upon timely petition for them if the government's position was not "substantially justified" and no special circumstances make an award unjust. *Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir.1991). This case turns entirely on the "substantial justification" question.

■ The government bears the burden of proving that its position was substantially justified, thus precluding an award of attorney fees and costs under the Equal Access to Justice Act. In order to meet its burden of showing that its position before the District Court was "substantially justified," the government has the burden of establishing that its case has a reasonable basis in law and in fact-that is, justified to a degree that could satisfy a reasonable person or justified in substance or in the main. *Thompson v. Sullivan,* 980 F.2d 280, 281 (4th Cir.1992) (holding that the government's position must be substantially justified in both fact and law; favorable facts will not rescue the government from a substantially unjustified position on the law, and accurate recital of law cannot excuse a substantially unjustified position on the facts).

"To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness ..." *Pierce v. Underwood,* 487 U.S. 552, 566, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). However, a position can be justified even though it is not correct and can be substantially (that is, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact. *Id.* at 566 n. 2, 108 S.Ct. 2541.

The government's burden of showing substantial justification is a strong one and is not met merely because the government produces "some evidence" in support of its position. *Petrella v. Sec. of Health and Human Servs.*, 654 F.Supp. 174, 177 (M.D.Pa.1987). The government's position must be evaluated in light of the standards in existence when the decision was rendered. *Id.* Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, it was not substantially justified. *Randolph v. Sullivan*, 738 F.Supp. 305, 306 (C.D.Ill.1990). The test of reasonableness represents a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous. *Tressler v. Heckler*, 748 F.2d 146, 149 (3d Cir.1984); *see also Evans v. Sullivan*, 928 F.2d 109, 111 (4th Cir.1991).

### ANALYSIS

■ The court considers the government's argument that the Commissioner's position was substantially justified and that therefore Plaintiff's counsel is not entitled to an award of attorney's fees under EAJA. The Fourth Circuit requires this court to consider the totality of the circumstances in assessing whether the government's position was reasonable and has rejected the argument that *"any"* unreasonable position taken by the government in the course of litigation automatically opens the door to an EAJA fee award." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir.1993).

Based on the Magistrate Judge's R & R, which this court adopted, this court reversed the decision of the Commissioner and remanded the cause for further proceedings. Specifically, the case was remanded because (1) the ALJ did not address Listing 1.04A or explain why Plaintiff did not meet or equal that listing and (2) the ALJ did not discuss the VE's testimony that Plaintiff would be unable to perform any work if he took an excessive number of breaks during the workday or was absent from work for more than four or five days per month. (R & R at 5–10.) Plaintiff's counsel now seeks an award of attorney's fees. With respect to the ALJ's failure to address Listing 1.04A, Plaintiff states, "While Defendant may have 'substantially justified' its position regarding whether Mr. Myers' impairment(s) meets the listing requirements, there is no substantial justification for the ALJ's failure to properly analyze this issue from the outset". (Plaintiff's Reply at 2.) Plaintiff makes a similar argument with respect to the VE's testimony, arguing the ALJ failed to perform a proper analysis at step five of the sequential evaluation process. (Plaintiff's Reply at 3.)

Plaintiff is thus essentially arguing that because the ALJ did not adequately explain his decision, the government's position was not substantially justified. However, the fact that this court remanded the case to the Commissioner does not mean that Plaintiff is entitled to attorney's fees. *Cf. Evans*, 928 F.2d at 110 ("[I]t has been held that lack of substantial evidence did not, in every case, of itself, equate to lack of substantial justification ...." (citing *Pullen v. Bowen*, 820 F.2d 105 (4th Cir. 1987) *(abrogated on other grounds)*)).

If the government's position resulted from its failure to perform certain analyses required by the law and its regulations, the position was not substantially justified. *See Randolph*, 738 F.Supp. at 306. However, the case *sub judice* is not one where the ALJ failed to perform one of the required steps in the five part sequential analysis. *See* 20 C.F.R. § 404.1520. Rather, the ALJ performed the appropriate

analyses but failed to adequately explain his conclusions at steps three and five. This failure does not indicate the government's position was not substantially justified. *See Anderson v. Comm'r of Soc. Sec.,* 198 F.3d 244, 1999 WL 1045072, *6 (6th Cir.1999) (unpublished table decision) (upholding the district court's denial of attorney's fees, finding the district court correctly reasoned that the ALJ's lack of explicit articulation did not establish that there was no reasonable basis for the ALJ's decision to deny benefits).

Considering the totality of the circumstances, the court now holds that while the Commissioner's position was not explained as thoroughly as this court requires, it had a basis both in law and fact that could satisfy a reasonable person. *See Pierce,* 487 U.S. at 565, 108 S.Ct. 2541 (defining "substantially justified"). Therefore, the court finds that the Commissioner's position was substantially justified. *See Albright v. Apfel,* 225 F.3d 653, 2000 WL 1021227 *1 (4th Cir.2000) (unpublished table decision) ("Although the Commissioner's position was based on a misinterpretation of circuit precedent, it had a basis both in law and fact that could satisfy a reasonable person. Therefore, we find that the district court did not abuse its discretion in finding that position to be substantially justified." (citation omitted)).

### CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Plaintiff's request for attorney fees is **DENIED.**

**AND IT IS SO ORDERED.**