**Rita A. VO, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**C.A. No. 9:06–1624–PMD.**

United States District Court,
D. South Carolina,
Beaufort Division.

Jan. 4, 2008.

Paul Townsend McChesney, McChesney and McChesney, Spartanburg, SC, for Plaintiff.

Beth Drake, U.S. Attorneys Office, Columbia, SC, for Defendant.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon Plaintiff's motion for an award of attorney fees and costs in the amount of $10,414.16,[1] to be paid directly and solely to counsel, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant contests the awarding of such fees, claiming that the Government's position in this case was substantially justified.

## BACKGROUND

On June 13, 2002, Plaintiff, then forty-two years of age and employed as a nursing assistant, was in a motor vehicle accident in which she sustained injuries to her neck and right leg. Plaintiff was taken to the emergency room, where x-rays showed no severe damage, was treated with painkillers, and was released. However, throughout June and July, Plaintiff continued to experience pain in her hand, shoulder, and back, which prevented her from returning to employment. She was examined by both her general practitioner and a neurologist, neither of whom was able to identify a clear medical explanation for her pain.

Throughout the remainder of 2002 and into 2003, Plaintiff continued to receive treatment for pain symptoms, although doctors were still unable to identify the precise cause of any such pain. Plaintiff also began to experience symptoms of depression at this time, which was treated with prescription antidepressants.

In May 2003, Plaintiff was hospitalized after attempting to take her own life by taking seventy-five pills of a prescription strength muscle relaxant. Plaintiff was suffering from depression related to the pain from the auto accident, her inability to return to work, and family issues.

After the incident, Plaintiff continued to report severe physical pain in her back and shoulder, but doctors were still unable to find a definite medical cause for the pain. Occupational diagnoses reported that Plaintiff retained significant physical and mental capabilities.

On November 13, 2003, Plaintiff was examined by psychiatrist Robert Dolinar, M.D. Examination revealed moderate to severe depression and anxiety and passive suicidal ideation, but also the absence of overt delusions, hallucinations, thought disorder, or gross disorientation, and estimated average intelligence. Dr. Dolinar diagnosed a single episode of severe major depression and a generalized anxiety dis-

---

1. In the initial Motion, Plaintiff moved for a total of $9,680.27 in fees, but amended this request to $10,414.16 in her Response Brief based on additional attorney's fees accrued in the preparation and writing of the Response Brief.

order. He noted Plaintiff's social function appeared severely constricted, her ability to concentrate and persist to task completion appeared mildly to moderately impaired by informal mental status examination, work related function and reasoning appeared colored by pessimism, and occupational, personal, and social adjustments appeared severely impaired.

Plaintiff was examined by rheumatologist Robert E. Boyd, M.D., who issued a report summarizing his medical conclusions on February 23, 2005. Examination revealed normal reflexes, normal motor functioning, normal sensory functioning, fibromyalgia-like muscle tenderness, full cervical spine ranges of motion, "some slight" paralumbar soft tissue tenderness, good passive elbow movement, good passive shoulder movement, and good passive hip movement. Dr. Boyd diagnosed probable chronic pain disorder or a fibromyalgia-like process with "some modest amount" of osteoarthritis. He recommended conservative treatment with medication, including the use of a muscle relaxant, an antidepressant, and nonprescription anti-inflammatory medications.

On December 17, 2002, Plaintiff had filed a disability claim with the Social Security Administration, claiming that she was unable to work as a result of her physical pain and depression. This claim was denied upon initial impression and reconsideration. She appealed these findings to an Administrative Law Judge, Albert A. Reed. The ALJ found that she had severe impairments which would prevent her from doing certain types of labor, including her previous job as a nursing assistant. However, the ALJ found that the evidence did not support a finding of complete disability based on her impairments, and after consulting with a vocational expert, determined Plaintiff could still do certain types of light, low-stress jobs.

Therefore, she was not found to be completely disabled, and her claim for benefits was denied.

On May 27, 2006, Plaintiff filed a Complaint against the Commissioner of the Social Security Administration, appealing the ALJ's decision. This matter was referred to United States Magistrate Judge George C. Kosko, who, on July 13, issued a Report and Recommendation ("R & R") to this court that the Commissioner's determination that Plaintiff was not disabled should be affirmed, as it was supported by substantial evidence. On July 27, Plaintiff filed an Objection to the R & R.

On September 6, 2006, this court issued an order modifying the R & R, reversing the decision of the Commissioner, and remanding the matter back to the ALJ for further deliberations. This court held that it was improper for ALJ to not give any account as to why Dr. Boyd's report as to Plaintiff's medical conditions were not believed in determining that Plaintiff did not suffer from disabling fibromyalgia. This court also held that the ALJ should state what weight was given to the opinions of Dr. Dolinar. This court further wrote that the ALJ should assess Plaintiff's capabilities and limitations on a function-by-function basis.

On November 13, Plaintiff filed the present Motion for Attorney's Fees. The Government filed a Response in Opposition on December 3, to which Plaintiff filed a Response Brief on December 13.

### STANDARD OF REVIEW

■ A party who prevails in litigation against the United States is entitled to EAJA attorney fees, as well as the costs and expenses of litigation, upon timely petition for them if the government's position was not "substantially justified" and no special circumstances make an award unjust. *Crawford v. Sullivan*, 935 F.2d 655,

656 (4th Cir.1991). This case turns entirely on the "substantial justification" question.

The government bears the burden of proving that its position was substantially justified, thus precluding an award of attorney fees and costs under the Equal Access to Justice Act. In order to meet its burden of showing that its position before the District Court was "substantially justified," the government has the burden of establishing that its case has a reasonable basis in law and in fact—that is, justified to a degree that could satisfy a reasonable person or justified in substance or in the main. *Thompson v. Sullivan*, 980 F.2d 280 (4th Cir.1992) (holding that the government's position must be substantially justified in both fact and law; favorable facts will not rescue the government from a substantially unjustified position on the law, and accurate recital of law cannot excuse a substantially unjustified position on the facts).

To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness. *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). However, a position can be justified even though it is not correct and can be substantially (that is, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact. *Id.*

The government's burden of showing substantial justification is a strong one and is not met merely because the government produces "some evidence" in support of its position. *Petrella v. Sec. of Health and Human Services*, 654 F.Supp. 174 (M.D.Pa.1987). The government's position must be evaluated in light of the standards in existence when the decision was rendered. *Id.* Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, it was not substantially justified. *Randolph v. Sullivan*, 738 F.Supp. 305, 306 (C.D.Ill.1990). The test of reasonableness represents a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous. *Sierra Club v. Sec. of Army*, 820 F.2d 513 (1st Cir.1987).

## *ANALYSIS*

The first requirement of *Thompson v. Sullivan* is that the Government's position be substantially justified on the facts. As an initial matter, this court points out that its previous order did not constitute a finding that the ALJ's ruling that Plaintiff was not disabled was incorrect. Instead, the order was based on the fact that the ALJ, at least in the written opinion on the matter, committed several procedural errors in determining that Plaintiff was not disabled.

The medical records surrounding Plaintiff's alleged disability show that there is a considerable amount of confusion as to her medical conditions. She has been examined repeatedly by a number of different physicians, who have performed a number of different medical tests on her, and these physicians have generally been unable to pinpoint any specific medical condition which would give rise to the type and magnitude of pain claimed by Plaintiff. Dr. Boyd is the main exception to this, yet even he was not overly specific in his report, in which he diagnosed Plaintiff with "probable" chronic pain disorder or a "fibromyalgia-like process." (Tr. at 235.) Given that this diagnosis was the result of a single examination and was in the minority among all physicians who had diagnosed Plaintiff, it was certainly substantially justified for the Government to take the position that Plaintiff was not rendered disabled by fibromyalgia.

■ Similarly, Dr. Dolinar diagnosed Plaintiff with generalized anxiety disorder and a single episode of severe depression and noted that her ability to work would be severely restricted. However, he did also note that she lacked many severe psychological symptoms that would completely prevent her from working. The record also showed that while Plaintiff had a history of depression and was taking antidepressant medication, she had not shown that her symptoms were so severe as to be completely disabling, and had in fact not sought ongoing mental health treatment until her disability hearing was close at hand. Therefore, while Plaintiff unequivocally suffers from depression, there was ample evidence from which a reasonable person might conclude that Plaintiff would be able to work in spite of this condition. Accordingly, the Government was substantially justified in taking the position that Plaintiff's depression did not render her completely disabled.

■ The second requirement of *Thompson v. Sullivan* is that the Government's position be substantially justified on the law. In its previous order, this court found against the Government, and remanded this case back to the ALJ for a new decision on Plaintiff's disability status in accordance with legal requirements.

However, this does not, of course, automatically mean that the Government's position was not substantially justified—if it did, payment of attorney's fees under the EAJA would be an automatic consequence of any finding for the Plaintiff. The prior order issued by this court was not based on such a clear, unequivocal error that any argument to the contrary would have been devoid of legal merit.

While the ALJ erred in not properly considering the report of Dr. Boyd or the issue of whether Plaintiff was suffering from fibromyalgia, the threshold issue of whether Plaintiff had produced sufficient

evidence of such a diagnosis was an issue over which reasonable sides could differ. Dr. Boyd had only examined Plaintiff once, and only said that she *may* have been suffering from fibromyalgia—no firm diagnosis of that condition was ever made by Boyd or any other physician. This provides reasonable grounds for the Government to argue that Plaintiff had not met her burden of establishing the condition in the first place. While this argument was ultimately rejected by this court, it was not so clear-cut that a reasonable person could not have accepted it, and it was therefore substantially justified under the law.

With regard to Dr. Dolinar's medical evidence, the Government had a similarly reasonable argument for upholding the decision of the ALJ. While the ALJ erred in not stating what weight was given to the opinion of Dolinar, the ALJ did address Dolinar's opinion in its decision. It would also appear that the ALJ did take Dolinar's diagnosis at least partly into account, as it was ultimately determined that Plaintiff should not seek certain types of jobs in which she would be put into high-stress situations or into a lot of contact with customers.

Finally, with regard to the ALJ's failure to address Plaintiff's limitations and capabilities on a function-by-function basis, the Government also had a reasonable argument for believing that the opinion of the ALJ was not faulty for this reason. The ALJ did, in his written opinion, briefly discuss that Plaintiff could still perform "light work," and gave a short description of what "light work" entailed for Plaintiff. While this court ultimately determined that the ALJ did not adequately address Plaintiff's capabilities and limitations on a function-by-function basis, it came close, and a reasonable person could possibly have accepted the Government's claim that

the Commissioner's decision was not faulty for this reason.

Accordingly, a reasonable person could have examined the record and the ALJ decision and determined that it was not legally flawed, so the Government was substantially justified in the legal position that it took. This conclusion is bolstered by the fact that the Magistrate Judge, after a thorough examination of the materials of this case, recommended that the ruling of the ALJ be upheld and Plaintiff be adjudged to be not disabled and not receive Social Security benefits. Furthermore, this court, which does not make a habit of writing overly long orders, spent twenty-seven pages in its prior order reasoning why the ALJ ruling was flawed. While the court has no doubt that its prior ruling in this case was a correct application of the law, it also can certainly recognize that the issues presented were complex and not easily or immediately decided, and the Government's position was far from legally unreasonable.

Accordingly, the Government's position in opposing Plaintiff's seeking social security disability benefits was factually and legally substantially justified, and therefore Plaintiff is not entitled to an award of attorney's fees under 28 U.S.C. § 2412.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Attorney's Fees in the amount of $10,414.16 under the EAJA is **DENIED.**

**AND IT IS SO ORDERED.**