**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

TONY MADRID,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No. 06-2235
(D.C. No. CIV-04-753-LCS)
(D. N.M.)

_____

**ORDER**

_____

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

_____

This matter is before the court on appellant Tony Madrid's Petition for

Panel Rehearing. Upon consideration of the petition, the response submitted by

the Commissioner of the Social Security Administration, and Mr. Madrid's reply,

the panel grants the petition and withdraws its prior order and judgment issued

April 18, 2007. The attached amended order and judgment is issued in its place.

_____

[*] Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as the appellee in this action.

**ORDER AND JUDGMENT**[**]

Plaintiff Tony Madrid appeals from a district court order denying his motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), based on its finding that the government's position was substantially justified. Because the district court acted within its discretion in making such a finding, we exercise our jurisdiction under 28 U.S.C. § 1291 to AFFIRM.

## I. Background and Procedural History

"The [EAJA] provides for the award of fees and expenses to the prevailing party in a civil action against the Federal Government, unless the position of the United States was substantially justified." *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520 (10th Cir. 1993) (quotations omitted). The Supreme Court has held that a position is substantially justified for purposes of the EAJA if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quotation omitted). In other words, the government's position must have had a reasonable basis both in law and fact. *See id.*

---

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Madrid claims he is entitled to attorneys' fees under the EAJA because he was the prevailing party in an appeal of the Commissioner's denial of his application for social security disability benefits. He filed his application for benefits in December 2002, alleging an inability to work since September 2002 due to bilateral carpal tunnel syndrome and pain in his neck, shoulders, elbows, wrists, back, knees, ankles, and feet. After his application was denied, Mr. Madrid obtained a de novo hearing before an administrative law judge ("ALJ"), at which he appeared pro se.

The ALJ denied the application because he concluded that despite being afflicted with severe ailments, Mr. Madrid retained the residual functional capacity to perform light work with certain limitations. The ALJ stated that his decision was based on a careful consideration of all the evidence in the record. Absent from the record, however, were the results of Mr. Madrid's rheumatoid factor ("RF") test, a test commonly used to diagnose rheumatoid arthritis. The ALJ acknowledged that Mr. Madrid had submitted to a rheumatology work-up and even mentioned that "[t]here [was] a copy of a bill in the record, which indicate[d] that a rheumatoid factor test was performed." Aplt. App. at 15-16. But the test results were not in the record, and the ALJ did not inquire into their whereabouts. Nonetheless, he went on to conclude that Mr. Madrid did not suffer from any impairments included in the regulatory Listing of Impairments, including the listing for inflammatory arthritis.

Mr. Madrid appealed the ALJ's decision to the Appeals Council and submitted additional evidence, which the Appeals Council made a part of the administrative record. This evidence consisted of a note dated January 14, 2004, from Mr. Madrid's treating physician, Dr. Peter Guerin, stating that "Mr. Madrid has Arthritis" and that "he can return to work 5-12-04." Aplt. App., case no. 05-2176, at 188. Despite Dr. Guerin's note, the Appeals Council denied Mr. Madrid's request for review and allowed the ALJ's determination of non-disability to stand. Mr. Madrid then filed an action in the district court, which affirmed the Commissioner's decision that he is not disabled. He then filed an appeal in this court.

We reversed with instructions to remand the case to the Commissioner for further development of the record concerning Mr. Madrid's claim that he suffered from a rheumatological disorder. We held that under the circumstances of this case "the ALJ committed legal error by not requesting Mr. Madrid's rheumatoid factor test results." *Madrid v. Barnhart*, 447 F.3d 788, 791 (10th Cir. 2006) (citing 20 C.F.R. § 404.1512(e)). We further explained,

> This failure is especially troubling because Mr. Madrid was not represented by counsel at his December 2003 administrative hearing, the test results were in existence at the time of the hearing and apparently available, and the ALJ was aware the test was performed.

*Id.* Following our remand, Mr. Madrid filed a motion in the district court for attorneys' fees as the prevailing party under the EAJA.

-4-

The district court denied Mr. Madrid's request for fees because it determined that the Commissioner's position was substantially justified. The court reasoned that an ALJ's duty to develop the record "does not transform the A.L.J. into a *pro se* plaintiff's advocate." Aplt. App. at 24 (citing *Henrie v. HHS*, 13 F.3d 359, 361 (10th Cir. 1993)). It held that the ALJ had satisfied his duty of inquiry in this case by considering Mr. Madrid's extensive testimony about the nature of his impairments and their impact on his physical abilities. The court also noted that the results of Mr. Madrid's RF test would not necessarily be dispositive because "disability determinations turn on the functional consequences, not the causes, of a claimant's condition." *Id.* (quotation omitted). The court went on to explain that "the mere diagnosis of a medical condition . . . says nothing about the severity of the condition." *Id.* (quotation and alterations omitted). Thus, it reasoned, even without the results of the RF test, reasonable minds could disagree as to whether Mr. Madrid could perform the essential functions of light work. The court therefore concluded that the Commissioner's position was substantially justified and attorneys' fees were not warranted under the EAJA. This appeal followed.

## II. Substantial Justification Analysis

*Standard of Review*

We review the district court's determination that the government's position was substantially justified for an abuse of discretion. *Pierce*, 487 U.S. at 559;

*Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings," *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998), or when the district court's decision is "arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment," *Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (quotations omitted). Our obligation is to "carefully scrutinize the district court's exercise of its discretion, but we may not substitute our own judgment for that of the trial court." *Kiowa Indian Tribe*, 150 F.3d at 1165 (quotation and alteration omitted).

*Scope of the Government's Position*

In determining whether the government's position was substantially justified under the EAJA, we must examine "the government's present and past stances on the basis of both the court and agency records." *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991). We therefore look to "the litigating position of the [Commissioner] before the district court and the agency's prelitigation conduct, its action or inaction, the position that gave rise to the litigation in the district court." *Id.* The scope of the analysis is mandated not only by the text of the statute itself, *see* 28 U.S.C. § 2412(d)(1)(B) (explaining that substantial justification question "shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which

-6-

the civil action is based)," but also by *Commissioner, INS v. Jean*, 496 U.S. 154,

159 (1990), where the Court clarified the parameters of the term "position":

> The fact that the "position" is . . . denominated in the singular, although it may encompass both the agency's prelitigation conduct and the [government's] subsequent litigation positions, buttresses the conclusion that only one threshold determination for the entire civil action is to be made.

The Court further reasoned that "the EAJA–like other fee-shifting statutes–favors

treating a case as an inclusive whole, rather than as atomized line-items." *Id.* at

161-62.

We recently applied this comprehensive analysis to the Commissioner's

position in another case involving a successful appeal of an adverse social

security ruling and resultant request for attorneys' fees under the EAJA. *See*

*Hackett v. Barnhart*, 475 F.3d 1166 (10th Cir. 2007). In the merits phase of that

case, we remanded to the Commissioner because we concluded that the ALJ's

determination of non-disability was based on a mischaracterization of the

vocational expert's testimony. We then held that the claimant's motion for

attorneys' fees should have been granted because "the ALJ's attempt to satisfy his

step-five duties . . . was not substantially justified." *Id.* at 1175. We reached this

conclusion despite the Commissioner's reasonable litigation argument, explaining

that, under the facts of that case, the Commissioner's litigation position could not

"cure" its prior unreasonable conduct. *Id.* at 1174-75. A cure was impossible

because the Commissioner's litigation position was based on entirely new legal

theories meant to justify the ALJ's decision. This, we concluded, violated a fundamental rule of administrative law – "that we may not properly affirm an administrative action on grounds different from those considered by the agency." *Id.* at 1175 (quotation omitted). Ultimately, we held in *Hackett* that the government's position, considered as a whole was unreasonable, even though its "posture[] on individual matters may [have] be[en] more or less justified." *Jean*, 496 U.S. at 161.

*The Commissioner's Position*

Finally, we turn to the record and what it reveals of the Commissioner's position in this case. Mr. Madrid argues that because the merits panel, like the merits panel in *Hackett*, found legal error in the ALJ's analysis, the Commissioner's position *a fortiori* was not substantially justified. But this case differs from *Hackett* in two crucial respects. First, the Commissioner's position at the administrative level was not wholly unreasonable even though the ALJ erred in failing to request the results of Mr. Madrid's RF test. Second, the Commissioner's basic legal argument has remained unchanged, from the outset of this case to now.

We do not disagree with Mr. Madrid's contention that there was significant evidence before the Commissioner supporting his claims of multiple joint pain. Indeed, the medical record underlying the merits decision is replete with such evidence. According to the records Mr. Madrid provided this court, he began

complaining of joint pain in late 2002, not just in his hands and wrists, but in his elbows, shoulders, knees, and feet. He was diagnosed with mild degenerative joint disease in his knees, and on examination other joints were tender as well. In June 2003, he was sent for a rheumatology work-up and the RF test was performed.

All of this evidence was in the record before the ALJ, who nonetheless determined, because the test results were not before him, that Mr. Madrid did not suffer from a rheumatological disorder. In denying benefits, however, the ALJ acknowledged Mr. Madrid's non-exertional impairments, including pain, and found that they prevented him from performing the full range of light or even sedentary work. Ultimately, the ALJ concluded that despite Mr. Madrid's impairments, which, he concluded, prevent Mr. Madrid from resuming any of his past work, there remain a number of jobs at the light exertional level that he can still perform. This decision was based, in part, on Mr. Madrid's own testimony, which the ALJ was uniquely positioned to accept or reject. *See Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) (recognizing that the ALJ is "the individual optimally positioned to observe and assess witness credibility."). The ALJ also took note of Mr. Madrid's job as a busboy, which he was engaging in part-time at the time of the hearing, and which is categorized at the medium exertional level. As we mentioned earlier, in challenging the ALJ's decision, Mr. Madrid provided the Appeals Council with a note from his doctor

stating that he has arthritis, but that despite this evidence, the Appeals Council denied Mr. Madrid's request for review.

With respect to his litigation position, the Commissioner has consistently argued that a diagnosis of arthritis does not mean that Mr. Madrid is disabled within the meaning of the Social Security Act and that despite the ALJ's failure to request the results of the RF test, his determination of non-disability was substantially justified based on the record as a whole.

We conclude that the Commissioner's position in this case, considered "as an inclusive whole," *Jean*, 496 U.S. at 162, was reasonable in law and fact. Our case law makes clear that a diagnosis of a condition does not establish disability. The question is whether a person's impairment significantly limits his ability to engage in substantial gainful activity. *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988). Here, the ALJ clearly erred in rejecting Mr. Madrid's claim of arthritis without obtaining the results of the RF test, and that action, standing alone, may not have been substantially justified. But the ALJ made a number of other findings leading to his ultimate conclusion that Mr. Madrid has the capacity to perform a limited range of light work, none of which were disturbed on appeal. In addition, the Commissioner's legal theory is supported by the facts. The record reveals that in December 2003, Mr. Madrid was engaging in fairly strenuous physical labor, albeit part-time, even though he was suffering from arthritis. It appears from Dr. Guerin's note that he may have taken time off after

receiving the diagnosis, but even so, Dr. Guerin opined that he could return to work within four months. Thus, rather than bolster his case, the additional evidence that Mr. Madrid submitted to the Appeals Council undermined his contention that he is disabled within the meaning of the Social Security Act. It defines disability as the "inability to engage in any substantial gainful activity by reason of any . . . physical . . . impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). We assume, based on the nature of his condition, that Mr. Madrid's arthritis was expected to last more than 12 months. We must also acknowledge, however, that Mr. Madrid's own doctor apparently believed he could work with the condition even though his work at the time was bussing tables at a restaurant.

The purpose of the EAJA "is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Jean*, 496 U.S. at 163. Based on the foregoing, we simply cannot conclude that the district court abused its discretion in concluding that the Commissioner acted reasonably in this case.

The judgment of the district court is therefore AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-11-