# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MINH Q. LE, also known as Le
Quang Vinh,
               *Plaintiff-Appellant,*

               v.                              No. 06-56804

MICHAEL J. ASTRUE, Commissioner                  D.C. No.
of Social Security; SOCIAL                    CV-05-01322-TJW
SECURITY ADMINISTRATION,                         OPINION
               *Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted May 8, 2008*
Pasadena, California

Filed June 24, 2008

Before: William A. Fletcher and Ronald M. Gould,
Circuit Judges, and Louis H. Pollak, Senior District Judge.**

Opinion by Judge Gould

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Louis H. Pollak, Senior United States District Judge
for the Eastern District of Pennsylvania, sitting by designation.

---

**COUNSEL**

Alexandra T. Manbeck, San Diego, California, for the appellant.

Peter D. Keisler, Assistant Attorney General, Shea Lita Bond, Special Assistant United States Attorney, San Francisco, for the appellee.

---

**OPINION**

GOULD, Circuit Judge:

Appellant Minh Le ("Le") first applied for Supplemental Social Security ("SSI") benefits in September 1994, claiming an onset of disability of February 1994. His application was denied by an administrative law judge in October 1997, but that judgment was reversed by the district court and Le's application was remanded to the Commissioner for additional proceedings. Le then moved in the district court for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The district court denied the EAJA motion, concluding that the government's position was "substantially justified." Le timely appealed the denial of EAJA fees, and we now affirm.

**[1]** We review the district court's denial of EAJA fees under an abuse of discretion standard. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Under EAJA, a prevailing party[1] in a suit against the government is entitled to fees in

---

[1]The government properly concedes that Le was a prevailing party under EAJA. *See Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995)

certain circumstances unless the government's position was "substantially justified." *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). To meet the "substantially justified" standard, the government must advance a position that is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 1161 (citation and internal quotation marks omitted). Le's principal argument in this appeal is that the Commissioner unreasonably argued that Dr. Miller was not a treating doctor. Under the regulations,[2] a treating doctor (or "treating source"), "means your [*i.e.* the claimant's] own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502.

Le had seen Dr. Miller only five times in three years for treatment of severe psychological problems. The Commis-

("[A]n applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether he later succeeds in obtaining the requested benefits.").

[2]The regulations continue:

> Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s). We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a nontreating source.

*Id.*

sioner argued in the district court that these few visits did not qualify Dr. Miller as a treating doctor given the seriousness of Le's condition.

[2] Though incorrect, the commissioner's position was substantially justified within the meaning of the fee statute. A nonfrivolous argument could be made that Le's five visits over three years were not enough under the regulatory standard especially given the severity and complexity of Le's alleged mental problems. "It is not necessary, or even practical, to draw a bright line distinguishing a treating physician from a non-treating physician. Rather, the relationship is better viewed as a series of points on a continuum reflecting the duration of the treatment relationship and the frequency and nature of the contact." *Benton v. Barnhart*, 331 F.3d 1030, 1038 (9th Cir. 2003) (*quoting Ratto v. Sec'y of Health and Human Servs.*, 839 F.Supp. 1415, 1425 (D. Or. 1993)). Given the vagueness and fact-specific nature of the regulatory standard, the Commissioner's position was reasonable even though incorrect. Le's brief argument that the Commissioner was not substantially justified in arguing that ALJ Tom's classification of Dr. Miller as a non-treating source was harmless error is also meritless. The District Court did not err in denying Le's motion for EAJA fees.

AFFIRMED.