Denise MOLINA, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

Case No. 8:07–cv–01485–T–24–TEM.

United States District Court, M.D. Florida, Tampa Division.

Aug. 9, 2010.

Joel B. Fein, Law Office of Joel B. Fein, Brandon, FL, for Plaintiff.

Susan R. Waldron, U.S. Attorney's Office, Tampa, FL, for Defendant.

### ORDER ADOPTING REPORT & RECOMMENDATION

SUSAN C. BUCKLEW, District Judge.

This cause comes before the Court for consideration of the Magistrate Judge's Report and Recommendation of Plaintiff Denise Molina's motion for attorney's fees under the Equal Access to Justice Act. (Docs. 31, 29.) The Commissioner of So-

cial Security opposed Molina's motion. (Doc. 30.)

On July 19, 2010, Magistrate Judge Thomas E. Morris filed his Report and Recommendation, recommending that the Court deny Molina's motion for attorney's fees. The Magistrate Judge recommended that the motion be denied because the Commissioner of Social Security was substantially justified in his position to defend the case. (Doc. 31.)

All parties received copies of the Report and Recommendation on July 19, 2010, and had the opportunity to file objections within 14 days, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Twenty-one days have passed, and no objections have been filed. Upon consideration of the Report and Recommendation, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted. Therefore, it is now **ORDERED** that:

(1) The Magistrate Judge's Report and Recommendation (Doc. 31) is adopted and incorporated by reference in this Order of the Court.

(2) The motion for attorney's fees (Doc. 29) is **DENIED.**

**IT IS SO ORDERED.**

### REPORT AND RECOMMENDATION[1]

THOMAS E. MORRIS, United States Magistrate Judge.

This case is before the Court on Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (hereinafter referred to as EAJA) (Doc. # 29), filed April 16, 2010, and Defendant's Response

1. Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

(Doc. # 30) in opposition thereto. Plaintiff requests an award of $3,100 in EAJA attorney fees, payable to her attorney. Defendant opposes an award of attorney fees under the EAJA on the basis the government's position in this case was substantially justified. Based upon a review of the information contained within the record and the prevailing case law, the undersigned agrees with Defendant and respectfully recommends the application for EAJA attorney fees (Doc. # 29) be **DENIED.**

### FACTS

Plaintiff brought this suit in federal court on August 21, 2007 (*see* Doc. # 1), seeking to appeal the denial of her claims for disability insurance benefits (DIB) and supplemental security income (SSI) disability payments by the Social Security Administration in early 2007. Both parties filed briefs in support of their respective positions (*see* Doc. # 17, Plaintiff's Brief, and, Doc. # 19, Defendant's Brief).[2] On September 25, 2009, the district court issued its order to remand the case to the Commissioner of the Social Security Administration for further proceedings.

Plaintiff raised five (5) issues on which she challenged the decision to deny her disability applications. Specifically, Plaintiff challenged the findings of the administrative law judge (ALJ) regarding Plaintiff's credibility, the ALJ's compliance with Social Security Ruling 82–59, the ALJ's consideration of her alleged obesity, the ALJ's consideration of the treating physicians' opinions, and the ALJ's step three analysis in consideration of Plaintiff's alleged impairments in combination. Upon review of the record and the parties' briefs, the district court found no error on each of the issues raised by Plaintiff, but

remanded the case for the ALJ's failure to comply with the special technique mental evaluation analysis required under 20 C.F.R. §§ 404.1520a, 416.920a, as interpreted by the Eleventh Circuit in *Moore v. Barnhart,* 405 F.3d 1208 (11th Cir.2005).

After the case was remanded pursuant to the district court's order (*see* Doc. # 23, Court Order), Plaintiff's counsel filed the instant motion for attorney fees under the EAJA. The Defendant, i.e. the government of the United States, opposes the application for an award of EAJA attorney fees.

### DISCUSSION

Plaintiff asserts that she is entitled to payment of her attorney fees under the EAJA because she is the prevailing party and "the position of the Defendant has not been substantially justified in that the Defendant has defended this case where there could have been no reasonable expectation that the Defendant could ultimately prevail" (P's Brief at 1; *see also* P's Brief at 1–3). The Commissioner counters with the argument that Plaintiff is not entitled to attorney fees under the EAJA because the position of the Commissioner was substantially justified. The Commissioner argues, in the alternative, that if the Court were to find Plaintiff entitled to an award under the EAJA, Plaintiff has claimed attorney fees for an unreasonable number of hours and for items that should be excluded.

In the instance of a Social Security disability appeal, the EAJA provides a prevailing party will be entitled to recovery of his or her attorney fees and certain costs, if the application for EAJA fees is timely made, the prevailing party's net worth is less than two million dollars, and the United States was not substantially justified in its position or special circumstances do not

---

**2.** Hereafter, the Court will identify Plaintiff's brief as "P's brief" and Defendant's brief as "D's brief."

make an award unjust. 28 U.S.C. § 2412(d). In this case, there is no disagreement between the parties as to whether Plaintiff is a prevailing party. By virtue of the sentence four remand, Plaintiff has met the standard for a "prevailing party," *See Shalala v. Schaefer*, 509 U.S. 292, 300–02, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *see also Mobley v. Apfel*, 104 F.Supp.2d 1357, 1358–59 (M.D.Fla.2000) (noting, the "Supreme Court has made clear that obtaining a sentence-four remand makes the claimant a prevailing party without regard to what happens on the remand") (internal quotations and citations omitted). There has been no contest to the timeliness of the EAJA application or to Plaintiff's net worth. Judgment in Plaintiff's favor in this case was entered on April 5, 2010 (*see* Doc. # 28) and Plaintiff's counsel filed the instant motion on April 16, 2010.[3] Plaintiff was granted *in forma pauperis* status to proceed in this action, based on an affidavit of indigency that clearly showed a net worth significantly less than the two million dollar threshold. Thus, the Court is left to examine whether the position of the Commissioner in defending this case was substantially justified, or whether any award under the EAJA would be unjust.

*Whether the Position of the Commissioner was Substantially Justified*

 Within the Eleventh Circuit, the position of the government has been found to be substantially justified when "it is justified to a degree that would satisfy a reasonable person." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir.1997) (internal citation omitted). In other words, the position of the Commissioner must have a reasonable basis in law and in fact. *Pierce v. Underwood*, 487 U.S. 552, 564–566, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also United States v. Jones*, 125 F.3d at 1425. Here, the burden of proof rests with the Commissioner. *United States v. Jones*, 125 F.3d at 1425. The Court is obligated, however, to review the Commissioner's position in the case as a whole, not as to isolated issues. *Comm'r Immigration & Naturalization Svc. v. Jean*, 496 U.S. 154, 161–62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); *United States v. Jones*, 125 F.3d at 1427–31.

A number of courts have denied EAJA fee awards irrespective of a sentence four remand of a Social Security disability appeal. By way of example, in *Leonard v. Astrue*, No. 2:05–cv–499–FtM–34SPC, 2010 WL 680732 (M.D.Fla. Feb. 23, 2010),[4] the district court accepted the report and recommendation of the magistrate court and denied the plaintiff's motion for EAJA attorney fees, finding the Commissioner's position was substantially justified in the case despite the remand for an apparent discrepancy between the vocational expert's testimony and the *Dictionary of Oc-*

---

**3.** Plaintiff must file the application for attorney fees and costs within thirty days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). As the Commissioner has sixty days within which to file his appeal of the district court decision, a judgment typically becomes final after sixty days and the plaintiff then has another thirty days within which to file the application for fees. *See* Fed. R.App. P. 4(a)(1)(B) (establishing notice of appeal may be filed within sixty days after the judgment when the United States is a party in the case); *see also Shalala v. Schaefer*, 509 U.S. at 297–98, 113 S.Ct. 2625 (discussing

timeliness of EAJA application); *Myers v. Sullivan*, 916 F.2d 659, 667–72 (11th Cir.1990) (discussing timeliness of EAJA application).

**4.** Unpublished opinions may be cited throughout this Report and Recommendation as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R.App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36–2.

*cupational Titles* on a particular job. *See also, Leonard v. Astrue,* No. 2:05–cv–499–FtM–34SPC, 2009 U.S. Dist. Lexis 125220 (M.D.Fla. Oct. 8, 2009) (Report and Recommendation to the United States District Court). In *Le v. Astrue,* 529 F.3d 1200 (9th Cir.2008), the court found the position of the Commissioner was substantially justified because a non-frivolous argument could be made to support the denial of disability benefits that was based, in part, on the weight assigned to one of the plaintiff's medical sources. In *Madrid v. Astrue,* 243 Fed.Appx. 387 (10th Cir.2007), the circuit court agreed the Commissioner's position was substantially justified even though the ALJ failed to properly develop the record, because the ALJ made a number of findings that could lead to the conclusion the plaintiff was not disabled. In *Madrid,* the court noted reasonable minds could differ as to whether the plaintiff was disabled on the record as a whole. *Id.* at 392.

■ In this case, the undersigned finds the position of the Defendant was substantially justified. Indeed, reasonable minds could differ as to the correct outcome of the case. Nonetheless, the Commissioner defended this action against the claims that Plaintiff made and continued to assert the ALJ's decision to deny disability benefits was justified. The Court did not find any error lay with the Commissioner with regard to the raised issues.[5] Evidence clearly exists in the record to support the ALJ's denial of disability benefits. In his decision, the ALJ stated reasons that support finding Plaintiff is not totally disabled. Furthermore, the ALJ actually discussed Plaintiff's severe mental impairment in the body of his decision, including the report of the state agency reviewing psychologist, and made a number of findings regarding that impairment (*see, e.g.,* Doc. # 23 at 23, citing to the ALJ's decision). For example, the ALJ specifically found the Plaintiff's mental status precluded her from performing detailed or complex tasks and she should only have occasional interaction with the public (*see* Doc. # 23 at 4, citing to the ALJ's decision). The decision is, however, lacking the requisite analysis to ensure all areas of Plaintiff's severe mental impairment were properly considered.

In a somewhat similar situation, the circuit court of appeals in *Grieves v. Astrue,* 360 Fed.Appx. 672 (7th Cir.2010), approved the order of the district court that denied the plaintiff's motion for EAJA fees. In *Grieves,* the court reasoned the district court did not abuse its discretion with the denial because, while it was "a close case," some evidence in the record supported the ALJ's position even though the ALJ had not adequately explained his decision. The district court found the reasons the ALJ discussed for discounting the medical opinion of Grieve's treating physician were flawed, but it "did not conclude that the record lacked substantial evidence to support the ALJ's ruling." *Id.* at 675.

In the *United States v. Thouvenot, Wade & Moerschen, Inc.,* 596 F.3d 378

---

5. The Court finds Plaintiff's argument that the Commissioner's position cannot be substantially justified when he fails to follow his own regulations (*see* P's Brief at 2) is not persuasive on the facts of this case. Plaintiff relies on the case of *Hudson v. Sec'y of Health & Human Servs.,* 839 F.2d 1453 (11th Cir.1988), for support of this proposition. However, that reliance is misplaced. In contrast to this case, the plaintiff in *Hudson* specifically raised the issue that led to the sentence four remand and he specifically "contend[ed] the Secretary did not follow her regulations." *See Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir.1985) (wherein the Eleventh Circuit first reviewed and considered the merits of Mr. Hudson's claims for disability benefits and ultimately vacated the denial of disability benefits and remanded for evaluation of Hudson's impairments in combination and for evaluation of a post-hearing psychological report).

(7th Cir.2010), the circuit court upheld the district court's denial of EAJA fees to the plaintiff-appellant, Mr. Ronald J. Park, finding the "deficiencies in the administrative law judge's opinion do not establish ... either that his decision was not substantially justified or that the government lacked a substantial basis for defending the denial of benefits." *Id.* at 387. A similar circumstance exists in this case. The deficiency in the ALJ's decision to deny Ms. Molina's disability applications was his failure to explicitly determine and state Plaintiff's level of impairment in the four areas of functioning set forth in 20 C.F.R. §§ 404.1520a, 416.920a, as required within our circuit whenever a colorable claim of a mental impairment exists. *Moore v. Barnhart,* 405 F.3d at 1214.

In considering the appropriateness of EAJA fee awards, the Eleventh Circuit interpreted the Supreme Court's ruling in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), to hold that "a plaintiff should not be awarded EAJA fees for work in an unsuccessful claim that is not related to the claims in which he or she prevailed." *United States v. Jones,* 125 F.3d at 1429. Here, Plaintiff did not prevail on any claim raised in this Court. Rather, Plaintiff's case was remanded so that the ALJ could conduct the special technique mental analysis referenced above.

Accordingly, the undersigned respectfully recommends Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. # 29) be **DENIED.**

*Whether the Plaintiff's Claimed Attorney Fees are Reasonable*

As the Court has determined the Commissioner was substantially justified in his position to defend against Plaintiff's case, and has recommended the Application for EAJA Fees (Doc. # 29) be denied, the determination of whether or not the fees are reasonable is moot.