FILED

NOV 09 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBYN TREMAYNE, | No. 11-15831 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02795-EFB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Submitted November 7, 2012[**]
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and DUFFY, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Appellant Robyn Tremayne appeals the district court's denial of her motion for attorney fees, brought under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under the EAJA, the prevailing party in a suit against the government is entitled to attorneys' fees unless the court finds that the government's position was "substantially justified." *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008). Substantial justification "does not mean 'justified to a high degree,' but simply entails that the government must show that its position meets the traditional reasonableness standard—that is, 'justified . . . to a degree that could satisfy a reasonable person.'" *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A position can be substantially justified "even though it is not correct . . . if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2.

The district court did not abuse its discretion in determining that the Commissioner was substantially justified in defending the findings of the administrative law judge (ALJ) regarding Tremayne's examining physician. There was a reasonable basis for believing that the physician's assessment, which relied

2

in part on Tremayne's subjective complaints, could be rejected for lack of credibility. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602–03 (9th Cir. 1999).

Additionally, the Commissioner was substantially justified in positing that the ALJ was not required to incorporate the findings of moderate mental limitations into the hypothetical posed to the vocational expert because this position is reasonably supported by *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173–74 (9th Cir. 2008). *See also Hoopai v. Astrue*, 499 F.3d 1071, 1077–78 (9th Cir. 2007).

**AFFIRMED.**