NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRUCE W. ALBERTSON, Jr.,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>        Defendant-Appellee. | No.   17-55179<br><br>D.C. No. 2:12-cv-02508-JPR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jean Rosenbluth, Magistrate Judge, Presiding

Submitted May 18, 2018**
Pasadena, California

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Albertson appeals the denial of his motion for attorneys' fees pursuant to the

Equal Access to Justice Act, 28 U.S.C. § 2412. We have jurisdiction pursuant to

28 U.S.C. § 1291, review for abuse of discretion, *Hardisty v. Astrue*, 592 F.3d

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1072, 1080 (9th Cir. 2010), and affirm.

1.      There were specific facts in the record here that could be linked to the administrative law judge's (ALJ) erroneous adverse credibility finding—namely, the daily activities Albertson reportedly engaged in.  Because the ALJ's inferences "had substance in the record" and were "tie[d] . . . to specific evidence," the magistrate court did not abuse its discretion in denying fees.  *See id.*; *see also Le v. Astrue*, 529 F.3d 1200, 1201–02 (9th Cir. 2008) (upholding denial of fees where initial error related to a "fact-specific" legal standard and a "nonfrivolous argument could be made" for the government's application of the standard to the facts presented); *Lewis v. Barnhart*, 281 F.3d 1081, 1083–84 (9th Cir. 2002).

2.      "The disagreement within [the] panel regarding the merits of the government's appeal" in the prior appeal to this court "further suggests that a finding of substantial justification is appropriate."  *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1231 (9th Cir. 1990); *see also Gonzales v. Free Speech Coal.*, 408 F.3d 613, 621 (9th Cir. 2005) (finding that "'reasonable minds' could and *did* differ" relevant to the substantial justification analysis).[1]  Indeed, the fact that the panel was not unanimous in its decision to award benefits distinguishes

---

[1] *Pierce v. Underwood*, 487 U.S. 552 (1988), does not preclude us from considering the views of other jurists in our substantial justification analysis; it merely discusses the probative value of various courts having already faced an issue.  *See id.* at 569.

this case from other cases reversed for lack of substantial evidence.

**AFFIRMED.**