NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN K. BROWN,<br><br>                    Plaintiff-Appellant,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                    Defendant-Appellee. | No.    22-35243<br><br>D.C. No. 3:19-cv-05613-MAT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Argued and Submitted February 7, 2023
Portland, Oregon

Before:  M. SMITH, FORREST, and SUNG, Circuit Judges.

Plaintiff Brian Brown appeals the district court's denial of his motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. We review the denial of fees under EAJA for abuse of discretion. *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

The only issue we must decide is whether the government's position was substantially justified, such that Brown is not entitled to EAJA fees.[1] *See* 28 U.S.C. § 2412(d)(1)(A). Under EAJA, the government's "position" is "the position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D); *see also Gutierrez v. Barhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) ("[W]e 'must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court.'" (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). When considering whether the government's position was substantially justified, we consider the case "as an inclusive whole" and make a "single finding." *Ibrahim v. U.S. Dept. of Homeland Sec.*, 912 F.3d 1147, 1168–69 (9th Cir. 2019) (en banc) (internal quotation marks omitted) (quoting *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 160, 161–62 (1990)).

After reviewing all of the government's conduct, including the underlying agency action and all of the litigation conduct, we conclude that the government's position was substantially justified.

*Underlying Agency Action.* While Brown's prior appeal was pending before

---

[1] The government also argues that special circumstances make an award of fees unjust in this case, but because we conclude that the government's position was substantially justified, we need not address that argument.

this court, the government informed the court that it did not object to Brown's case being remanded for a new hearing after Brown challenged the authority of the ALJ who presided over Brown's hearings, following the Supreme Court's decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021). After the ALJ presided over Brown's administrative hearings but before the ALJ issued a decision, the Supreme Court issued *Lucia v. SEC*, 138 S. Ct. 2044 (2018), holding that ALJs are subject to the Appointments Clause of Article II of the Constitution. *Id.* at 2053–54. The Commissioner then ratified the appointments of all Social Security ALJs.[2] *Carr*, 141 S. Ct. at 1357 (citing Social Security Ruling 19-1p; Titles II and XVI: Effect of the Decision in *Lucia v. Securities and Exchange Commission (SEC)* On Cases Pending at the Appeals Council, 84 Fed. Reg. 9582-02, 9583 (Mar. 15, 2019)). And the agency permitted the newly ratified ALJ to issue a decision in Brown's case without holding a new hearing.

At that time, Brown had not raised a challenge to the ALJ's appointment. In *Lucia*, the Supreme Court stated that the remedy for a "timely" Appointments Clause challenge was a new hearing before a constitutionally appointed ALJ. 138 S. Ct. at 2055. And the Court had not yet decided *Carr*, which held that Social Security claimants are not required to raise Appointments Clause challenges in

---

[2] The issue of whether that ratification is constitutionally sufficient under the Appointments Clause is not before us.

administrative proceedings before raising them in federal court. 141 S. Ct. at 1362

("Where, as here, claimants are not required to exhaust certain issues in

administrative proceedings to preserve them for judicial review, claimants who

raise those issues for the first time in federal court are not untimely in doing so.").

Under those circumstances, the agency was substantially justified in permitting the

ALJ to issue a decision in Brown's case even though the ALJ was not validly

appointed at the time of Brown's hearings. *See Li v. Keisler*, 505 F.3d 913, 920

(9th Cir. 2007) (holding the government's position was substantially justified when

agency decision was not contrary to clearly established law existing at the time of

the agency action).

*Government's Litigation Position*. Brown filed a complaint in the district

court, claiming that the ALJ's partial denial of benefits was not supported by

substantial evidence. Brown still had not raised an Appointments Clause challenge.

The district court affirmed the ALJ's decision, and Brown appealed. Brown first

raised a challenge to the ALJ's appointment in his reply brief, after the Supreme

Court decided *Carr*. As just described, the government did not oppose remand in

light of *Carr*, but it argued that the court should vacate and remand the ALJ's

entire decision, not just the unfavorable portion. A panel of this court held that the

Commissioner's request for a complete remand had no basis in law, because the

Social Security Act does not authorize the Commissioner to seek review of her

4

own decision and the court lacked authority to grant what was essentially a cross-claim or counterclaim that was outside the pleadings. *See Brown v. Kijakazi*, 11 F.4th 1008, 1009–10 (9th Cir. 2021). Brown then sought fees under EAJA, arguing primarily that the government's position on the scope of remand lacked substantial justification.

The district court erred in holding that the Commissioner's position on the scope of remand was irrelevant to the EAJA analysis. Under *Ibrahim*, the district court was required to "examin[e] the record as a whole and mak[e] a single finding" about the government's position. 912 F.3d at 1153. However, after considering the record as a whole, the district court further concluded that even if it considered the government's scope-of-remand position, the government's position was substantially justified. We agree and affirm the district court's denial of EAJA fees. The scope of remand was a relatively minor issue that arose late in the litigation, it required minimal letter briefing, and we decided the issue without oral argument. Therefore, even though we ultimately rejected the government's position on the scope of remand, we cannot conclude that the government's position was not substantially justified. *See Ibrahim*, 912 F.3d at 1169 n.16 ("[W]e think that Congress clearly contemplated the denial of attorneys' fees even where some of the litigation conduct was unjustified when it used the qualifying term 'substantial' rather than 'total' or 'complete.'").

**AFFIRMED.**