**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

TYRONE L. WHITE,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   23-15341

D.C. No. 2:19-cv-01498-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding

Submitted November 17, 2023[**]
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.
Dissent by Judge MILLER.

Following our decision in *White v. Kijakazi*, 44 F.4th 828 (9th Cir. 2022),

Plaintiff-Appellant Tyrone White sought attorneys' fees in the district court under

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Under the EAJA, "a prevailing party in a suit against the government is entitled to fees in certain circumstances unless the government's position was 'substantially justified.'" *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008) (quoting *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002)).  To meet this standard, the government must show that its position had a "reasonable basis both in law and fact." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The district court denied the motion for fees.  We have jurisdiction under 28 U.S.C. § 1291.  We review the decision below for an abuse of discretion, which "occurs if the district court based its decision on an erroneous legal conclusion or a clearly erroneous finding of fact." *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005) (quoting *Or. Env't Council v. Kunzman*, 817 F.2d 484, 496 (9th Cir. 1987)).  We reverse.

The government argued in *White* that the Appeals Council could properly affirm the Administrative Law Judge's decision without addressing or resolving the substantial discrepancy between White's estimates of the number of jobs available to him in the national economy and the estimates made by the government's vocational expert.  The government claimed it was appropriate for

the agency to rely solely on the vocational expert's estimates because they were not "so unreasonable they could not pass the low substantial evidence bar" and because, in the government's view, White's estimates "appear[ed] to be unreasonable." As we explained in our opinion, this position was foreclosed by our decision in *Buck v. Berryhill*, 869 F.3d 1040 (9th Cir. 2017), which held that the agency "violate[s] the general duty to clarify and develop the record" when it ignores a "vast discrepancy between the [vocational expert's] job numbers and those tendered by" the claimant. *White*, 44 F.4th at 836 (quoting *Buck*, 869 F.3d at 1052).

The district court found that the government's position was nonetheless substantially justified because our opinion in *White* involved "an extension of *Buck* to the circumstances of this case," since White presented his estimates for the first time before the Appeals Council instead of the Administrative Law Judge. But whether our decision extended prior precedents is not the correct inquiry. We look instead to the government's litigation conduct to determine whether its actions were substantially justified, considering whether its "position 'as a whole' ha[d] 'a reasonable basis in both law and fact.'" *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1168 (9th Cir. 2019) (en banc) (quoting *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001)).

The gravamen of the government's position was that the agency could rely exclusively on the vocational expert's estimates because the government claimed those estimates were more reliable than White's. That position was incompatible with *Buck*. The government's argument that *Buck* was distinguished by White's submission of evidence to the Appeals Council consisted of a single sentence without citation in briefing that, except for that sentence, entirely relied on an argument that was foreclosed by our holding in *Buck*. That single sentence is not enough to escape the conclusion that the government's position as a whole lacked substantial justification. *See id.* at 1171 ("That some of the arguments made along the way by the government attorneys passed the straight face test . . . does not persuade us that the government's position was substantially justified.").

Moreover, "[t]he government's position is not substantially justified simply because our precedents have not squarely foreclosed the position." *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017). Social Security Administration regulations and our prior cases clearly establish that "a claimant has a right to submit additional evidence to the Appeals Council" upon a showing of good cause. *White*, 44 F.4th at 836–37 (citing 20 C.F.R. § 404.970(b); *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162–63 (9th Cir. 2012)). The Appeals Council accepted White's evidence and made it "part of the record." *Id.* at 836. We hold

that our precedents made it sufficiently clear before *White* that the timing of White's submission of evidence did not distinguish his case from the rule we announced in *Buck*.

We therefore conclude that the district court abused its discretion in finding the government's position substantially justified. *See Le*, 529 F.3d at 1201.

**REVERSED** and **REMANDED.**

*White v. Kijakazi*, No. 23-15341

MILLER, Circuit Judge, dissenting:

The district court did not abuse its discretion when it deemed the government's position substantially justified and denied White's motion for attorney's fees under the Equal Access to Justice Act. Abuse of discretion is a "highly deferential standard" under which we may not "substitute [our] 'view of what constitutes substantial justification for that of the district court.'" *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005) (quoting *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir. 1990)). Instead, our "review 'is limited to assuring that the district court's determination ha[d] a basis in reason.'" *Id.* (quoting *Bay Area Peace Navy*, 914 F.2d at 1230).

The government's position is substantially justified if it "has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988); *id.* at 565 (defining "substantial" as "justified to a degree that could satisfy a reasonable person"). I joined Judge W. Fletcher's opinion setting aside the agency's denial of benefits, and I continue to believe that it was correct. But, *ex ante*, it was not so obviously correct as to deprive the government's contrary position of a reasonable basis.

Until our decision in this case, we had never set aside the agency's denial of benefits on the basis of evidence presented for the first time to the Appeals

1

Council. To be sure, the agency's regulations permit a claimant to submit additional evidence to the Appeals Council. 20 C.F.R. § 404.970(a)(5). But where, as here, the Appeals Council denies review, the decision of the ALJ remains the final decision of the agency. *Id.* § 404.981. And it is not obvious from the regulations how new evidence submitted to the Appeals Council can cause the ALJ's earlier decision to cease to be supported by substantial evidence. Our decision in *Buck v. Berryhill* does not answer that question because it involved evidence submitted in the first instance to an ALJ, not the Appeals Council. 869 F.3d 1040 (9th Cir. 2017). Although we ultimately concluded that the timing of the submission did not matter, our decision to publish an opinion in this case implicitly recognized that applying *Buck* in this context represents at least a modest extension of its holding. It was not unreasonable for the government to attempt to distinguish *Buck*, even if it did so without a lengthy exposition of the issue. (I see no basis for tying the justification of the government's position to the length of its briefing in support of that position, lest we incentivize parties to write even longer briefs than they already do.) More to the point, it was not an abuse of discretion for the district court to conclude that the government's position had a reasonable basis.

I would affirm the district court's decision to deny fees.