NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIE DOLORES DORAME,

        Plaintiff-Appellant,

  v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

        Defendant-Appellee.

No.   23-15720

D.C. No. 4:20-cv-00285-JAS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted April 3, 2024[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.
Partial Dissent by Judge BYBEE.

    Marie Dolores Dorame ("Dorame") appeals the district court's order awarding

$13,381.31 in attorneys' fees under the Equal Access to Justice Act after she

succeeded in her underlying claims for social security benefits. The amount awarded

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

was approximately $2000 less than originally requested. We review the district court's fee award for an abuse of discretion. *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008).

The district court found "merit in Defendant's objections," implicitly accepting the Commissioner's objection that a specific nine hours of work was duplicative and reducing the corresponding fee award by nine hours. Although this explanation is not a picture of clarity, we can discern the court's rationale, and we have also held that minor reductions such as this do not require a detailed explanation by the court. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

However, the district court's order does not address the additional fees Dorame requested for time spent on the EAJA fee litigation itself. "Fees on fees" are permitted, *Thompson v. Gomez*, 45 F.3d 1365, 1367 (9th Cir. 1995), and here, counsel was completely successful on the merits and received the vast majority of the fee award originally requested. We, therefore, remand with instructions for the district court to increase the fee award by the additional amount requested in Dorame's Reply to Defendant's Opposition to Plaintiff's Motion for Award of Attorney Fees Under the Equal Access to Justice. [Dist. Ct. Dkt. #53 at 8-9].

**AFFIRMED IN PART, REMANDED IN PART. Each party to bear its own costs on appeal.**

*Dorame v. O'Malley*, No. 23-15720

BYBEE, Circuit Judge, dissenting in part:

I agree with the panel's decision to remand for the district court to increase Plaintiff's fee award commensurate with the amount of time spent on the EAJA fee litigation. However, I disagree that the court sufficiently explained its decision to write off the nine hours that Defendant claimed were duplicative. Defendant's principal assertion is that one of Plaintiff's attorneys over-billed by nine hours for the time he spent reviewing the work of another attorney. With a record exceeding 5,000 pages of medical information, that does not strike me as unreasonable. Nevertheless, the district court "f[ound] merit in Defendant's objections." The majority correctly observes that we have held "minor reductions such as" the nine-hour write-down here "do not require a detailed explanation." But they do require *some* explanation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Stating that one side has it right is no explanation at all—it is merely a conclusion. Since the district court gave no greater rationale for the nine-hour reduction than it did the EAJA fee-litigation reduction, I would remand for the court to furnish the minimal explanation required by our precedents. Accordingly, I respectfully dissent.

1